UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAI JUAN TAIKAIN TAYLOR, *Pro Se*,  )<br>  )<br>    Plaintiff    )<br>  )<br>v.    )<br>  )<br>FBI DIRECTOR GREGORY D. NELSEN,  )<br>  )<br>  )<br>    Defendant    ) | Case No.: 1: 24 CV 2260<br><br>JUDGE SOLOMON OLIVER, JR.<br><br><br>MEMORANDUM OF OPINION<br>AND ORDER |

*Pro Se* Plaintiff Dai Juan Taikain Taylor has filed a complaint in this case against Gregory D. Nelson "FBI Director," seeking mandamus relief. (Doc. No. 1.) In his Complaint, Plaintiff states he reported to the FBI "the crime of Illegal Electronic Surveillance and conspiracy to commit murder," but the "FBI fail[ed] to act or investigate" his complaints, leaving him to suffer "severe danger." (*Id*. at 4, ¶ III.) For relief, he asks the Court "to order the Defendant to act and start an investigation into [his] factual allegations." (*Id*. at ¶ IV.)

For the following reasons, the Court must dismiss his complaint.

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

This Court lacks mandamus jurisdiction to grant Plaintiff the relief he seeks. Mandamus jurisdiction in the federal court is governed by 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). It is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011).

The Sixth Circuit has clearly held that a writ of mandamus cannot issue to compel an FBI investigation. Rather, "the decision to initiate a criminal investigation is left within the FBI's discretion," so the FBI owes no duty to a plaintiff to do so. *Leisure v. FBI*, 2 F. App'x 488, 490 (6th Cir. 2001) (affirming district court's dismissal mandamus action directing regional office of the FBI to address its duties and obligations to protect citizens); *see also Golub v. F.B.I.*, No. 1:09–cv–01064, 2010 WL 3523009, at *1 (S.D. Ind. Aug. 31, 2010) (dismissing claim for a writ of mandamus compelling FBI to investigate and otherwise take enforcement action against alleged illegal surveillance performed by the United States Secret Service).

2

**Conclusion**

Accordingly, this action is dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

>*/S/ SOLOMON OLIVER, JR.*
> SOLOMON OLIVER, JR.
> UNITED STATES DISTRICT JUDGE

March 10, 2025